UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ZADA CRANDALL, | ) |
| | ) |
| Plaintiff, | ) Case: 1:24-cv-01288 |
| | ) |
| v. | ) |
| | ) |
| DIAL SILVERCREST CORP d/b/a | ) |
| INDEPENDENCE VILLAGE SENIOR | ) |
| LIVING, | ) Jury Trial Demanded |
| | ) |
| Defendant. | |

## COMPLAINT

Plaintiff, Zada Crandall ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Dial Silvercrest Corp d/b/a Independence Village Senior Living ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.   This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

### JURISDICTION AND VENUE

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3.   Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.  All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5.  A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6.  Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.  At all times material to the allegations of this Complaint, Plaintiff, Zada Crandall, resides in Peoria County in the State of Illinois.

8.  At all times material to the allegations in this Complaint, Defendant, Dial Silvercrest Corp d/b/a Independence Village Senior Living, is a corporation doing business in and for Peoria County whose address is 1201 W Northmoor Road, Peoria, Illinois 61614-3463.

9.  Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff was hired by Defendant as Dietary Aid on or about July 5, 2024.

12. Plaintiff has a physical/mental impairment that substantially limits major life activities.

13. Regardless of Plaintiff's disability, Plaintiff was qualified and able to perform the essential functions of Plaintiff's job, with or without reasonable accommodation.

14. Plaintiff is a "qualified individual" as defined under the ADA.

15. Plaintiff suffers from Autism – a recognized disability under the ADA.

16. On or about July 17, 2024, while at work, Plaintiff experienced a breakdown after being overstimulated and asked to perform multiple tasks simultaneously.

17. Feeling overwhelmed, Plaintiff began to cry and requested to leave early.

18. This breakdown was a symptom of Plaintiff's disability.

19. However, Plaintiff's supervisor, Jodi, informed Plaintiff that leaving early would result in Plaintiff's termination, so Plaintiff had no other choice but to finish the shift.

20. The following day, on or about July 18, 2024, Plaintiff texted Judy to disclose her disability, explaining that it was the reason for Plaintiff's emotional reaction the previous day.

21. Plaintiff requested reasonable accommodations in the form of additional training to help Plaintiff manage her responsibilities during disability flare ups better.

22. Shortly after sending the text, Plaintiff received a call from Taloie (LNU), a Human Resources representative, who informed Plaintiff that they no longer needed Plaintiff because they had found someone else to cover her shift.

23. This came as a surprise to Plaintiff because she never called off her shift, said she needed coverage, or said she wouldn't be there.

24. This notification came only 49 minutes before Plaintiff's scheduled shift and was

3

a clear act of retaliation for requesting accommodations in the form of additional training.

25. Defendant failed to engage in the interactive process to determine what accommodations would be reasonable.

26. On or about July 19, 2024, Plaintiff arrived at work but was immediately called into a meeting with Jodi, Baley (manager), and Taloie.

27. Plaintiff requested that her grandmother or boyfriend be allowed to advocate for Plaintiff during the meeting, as her disability can impact her ability to effectively communicate, but this request was denied.

28. Plaintiff was told the meeting needed to proceed immediately.

29. Subsequently, Plaintiff was terminated for alleged violations of the dress code, specifically for wearing an eyebrow piercing and pants with white stripes.

30. However, Plaintiff had worn those pants previously, including during training, without any issue.

31. Additionally, during Plaintiff's interview, Plaintiff had worn the piercing and explained that she could not remove it because it was recent, but Plaintiff could cover it with her bangs, which was deemed acceptable at the time.

32. The actions taken by Defendant following Plaintiff's disclosure of her disability are clear instances of discrimination and retaliation.

33. After disclosing Plaintiff's disability and requesting reasonable accommodations, Plaintiff was swiftly terminated under pretextual reasons, such as alleged dress code violations that were previously not a concern.

34. This sequence of events demonstrates a punitive response to Plaintiff's disclosure

and request for support, which constitutes retaliation.

35. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for additional training to accommodate her disability.

36. Ultimately, on or about July 19, 2024, Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

37. The purported justification for termination was unlawful discrimination based on disability.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

38. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

40. Plaintiff met or exceeded performance expectations.

41. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

42. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

43. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

44. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

45. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

46.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

47.  Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

48.  By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

49.  Plaintiff is a qualified individual with a disability.

50.  Defendant was aware of the disability and the need for accommodations.

51.  Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

52.  Plaintiff's reasonable accommodation that was requested was not an undue burden on the Defendant.

53.  Defendant did not accommodate Plaintiff's disability.

54.  Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

55.  Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

56.  As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress,

humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Disability-Based Harassment)

57. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

58. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

59. Defendant knew or should have known of the harassment.

60. The disability-based harassment was severe or pervasive.

61. The disability-based harassment was offensive subjectively and objectively.

62. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

63. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

64. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Americans with Disabilities Act
### (Retaliation)

65. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

66. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

67. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations in relation to her disability.

7

68. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

69. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requested a reasonable accommodation in relation to her disability, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

70. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

71. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

72. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 18th day of August, 2024.

Respectfully submitted,

*/s/ Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

*/s/ Sophia K. Steere*
**SOPHIA K. STEERE, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575-8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*